**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

DEBRA L. RICHARDSON,

        Plaintiff,

v.                                            Case No. 06-C-0324

ALL SAINTS HEALTHCARE SYSTEM, INC.,

        Defendant.

**ORDER**

On March 15, 2006, defendant All Saints Healthcare System, Inc. ("All Saints") removed an action, pursuant to 28 U.S.C. §§ 1331 and 1446, which was pending in the State of Wisconsin Department of Workforce Development Equal Rights Division as *Debra Richardson v. All Saints Healthcare System, Inc.*, Case No. CR200302845. In its notice of removal, All Saints stated: "The contemplated hearing before the Equal Rights Division Hearing Section is, for all intents and purposes, equivalent to a state court in that the Equal Rights Division has exclusive jurisdiction over the action and will consider evidence and make factual and legal determinations that are subject to deferential review at the state trial court level. Furthermore, the Equal Rights Division's final decision has been afforded claim preclusive effect." (Def.'s Notice of Removal ¶ 3.)

Because federal courts are obliged to police their own jurisdiction, *e.g., Peddie v. Sterling Jewelers, Inc.*, 282 F. Supp. 2d 947, 948 (E.D. Wis. 2003), and the party invoking federal jurisdiction has the burden of establishing it, *id.* at 948-49, the court will order All Saints to file a memorandum of law detailing its authority to remove to federal court a matter that is pending before the Equal Rights Division. All Saints'

explanation that the Equal Rights Division Hearing Section is "equivalent to" a state court is unaccompanied by any legal authority. The removal statute upon which All Saints relies concerns procedure for removal from a "State court," 28 U.S.C. § 1446(a), and does not mention any "equivalents" of state courts. The removal statute also states that notice of removal must be filed within thirty days after receipt of the "initial pleading" or within thirty days after "service of summons" if the initial pleading has been "filed in court" and is not required to be served on the defendant. 28 U.S.C. § 1446(b). All Saints does not argue that it filed a notice of removal within thirty days of receiving an initial pleading; rather, All Saints argues that it filed a notice of removal within thirty days of receiving "a copy of the Initial Determination and later Notice of Hearing." (Def.'s Notice of Removal ¶ 4.) It would appear that in the eyes of All Saints the removal statute is full of invisible equivalents. All Saints should also recognize that the removal statute is strictly construed against removal. *See In re Wal-Mart Employee Litigation,* 271 F. Supp. 2d 1080, 1083 (E.D. Wis. 2003).

Accordingly,

**IT IS ORDERED** that All Saints file within twenty-one (21) days from the date of this order a memorandum of law detailing its authority to remove this action from the Equal Rights Division.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge